IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AARON KEITH BLACKNELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:05CV688 |
| | ) | 1:00CR250-1; 1:00CR251-2; |
| UNITED STATES OF AMERICA, | ) | 1:00CR312-1 |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Aaron Keith Blacknell, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Juries convicted Petitioner on bank robbery and related charges, and the court sentenced him to a total of 462 months in prison. (Docket no. 94, No. 1:00CR250-1) Petitioner appealed, but the Fourth Circuit affirmed the judgment on October 24, 2001. (Id. docket no. 106) Petitioner did not seek certiorari.

In this section 2255 motion, (docket no. 1),[1] Petitioner claims that counsel rendered ineffective assistance by failing to object to his defective indictment, that the government maliciously prosecuted him in two separate trials, and that counsel should have objected to his consecutive 25-year sentence for lack of jurisdiction. (Id. at 5-8) Respondent has moved to dismiss the motion because it is barred by the

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

statute of limitation. (Docket no. 3) Petitioner has filed a response. (Docket no. 5) The matter is now ready for ruling.

**DISCUSSION**

The government requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all Section 2255 motions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period runs from the date when the judgment of conviction became final. Where a petitioner does not appeal his conviction, it becomes final when the ten-day notice of appeal period expires. See Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522 (2003). Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. Clay, 537 U.S. 522. A petition for a writ of certiorari is timely filed within 90 days after entry of judgment by the court of appeals. Sup. Ct. R. 13(1). Resentencing, or the possibility of resentencing,

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

under Fed. R. Crim. P. 35(b) does not extend the date on which the conviction becomes final. United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001).

Petitioner's judgment became final ninety days after the Fourth Circuit's entry of judgment because Petitioner did not seek certiorari in the Supreme Court, Clay, 537 U.S. 522; therefore, his conviction became final on January 22, 2002. Petitioner's one-year limitation period under subsection one of section 2255 expired on January 22, 2003. Petitioner's present motion is dated June 22, 2005. (Docket no. 1) An earlier motion dated April 30, 2005, was dismissed without prejudice. (Docket no. 1, No. 1:05CV454) Petitioner's motion was not filed within the statute of limitation period under subsection one of section 2255, and only if another subsection gives Petitioner more time to file would his motion be timely.

Subsection two requires an unlawful governmental action which prevented Petitioner from filing his section 2255 motion, and there is no showing of such a governmental action. Petitioner claims that the United States v. Booker, 543 U.S. 220 (2005) decision relieved him of the impediment created by the government, but this claim is frivolous. (Docket no. 5 at 6) Subsection two does not apply.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner's claims rely partially upon Booker. The Fourth Circuit has recently held that Booker was a "new rule" of criminal procedure under Teague v. Lane, 489 U.S.

288 (1989), but was not a "watershed rule," and therefore "is not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker (or Blakely) was decided."[3] United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Petitioner's conviction became final in 2002 before the Supreme Court decided Booker in 2005. It may not be applied retroactively in this proceeding; therefore, subsection three does not give Petitioner a longer limitation period.

Subsection four allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner does not allege that he could not have discovered his supporting facts in a timely fashion, and the court finds that he could have discovered the facts before his conviction became final. Subsection four does not give him a longer limitation period.

Petitioner's section 2255 motion was not timely filed under any subsection of section 2255, and it should therefore be dismissed.

---

[3] The court also made clear that it is the date that Booker rather than Blakely was decided that controls the retroactivity analysis. 429 F.3d at 72 n.5 (citing Lloyd v. United States, 407 F.3d 608, 611 n.1 (3rd Cir.) (stating that date Booker issued is appropriate dividing line because Blakely reserved decision about the federal sentencing guidelines), cert. denied, 126 S.Ct. 288 (2005)).

-4-

Case 1:05-cv-00688-NCT-WWD   Document 6   Filed 02/01/06   Page 4 of 5

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 3) be **GRANTED**, and that Petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
February 1, 2006